UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SATISH EMRIT, et al., | |
| Plaintiff(s), | 2:14-cv-01759-APG-NJK |
| vs. | **O R D E R** |
| GOVERNOR BRIAN SANDOVAL, et al., | (Docket No. 1) |
| Defendant(s). | |

Plaintiffs are proceeding in this action *pro se* and have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiffs also submitted a complaint on October 14, 2014. *Id.* This proceeding was referred to this Court by Local Rule IB 1-9.

**I.    Notice of Appeal**

The Court begins by reviewing its jurisdiction over this matter. On January 16, 2015, Plaintiffs filed a notice of appeal. Docket No. 9. No dispositive rulings have been issued in this case. Instead, Plaintiffs filed the notice of appeal on the purported basis that it is error for this Court to "take an unreasonably long amount of time to rule on the summary judgment motion and/or serve process on the defendants in a timely manner." *See* Docket No. 9. Notwithstanding that notice of appeal, this Court retains jurisdiction over this case. *See, e.g.*, *Nascimento v. Dummer*, 508 F.3d 905 (9th Cir. 2007) ("when an improper appeal is taken, the district court retains its jurisdiction to act on the case").

//

**II.     *In Forma Pauperis* Application**

Plaintiffs have submitted the affidavits required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket Nos. 1, 1-1. Accordingly, the requests to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiffs' complaint.

**III.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627

F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiffs' complaint purports to bring eight causes of action against Defendants Governor Brian Sandoval, Las Vegas Mayor Carolyn Goodman, and the Las Vegas Metropolitan Police Department. Plaintiffs seek $10,000,000 in damages from Defendants. Plaintiffs failed to state a claim against any of the Defendants.

A.   Federal Claims

Plaintiff purports to bring four claims under various constitutional provisions. The United States Constitution itself does not create a federal cause of action; instead, suits alleging the violation of constitutional rights must be brought pursuant to 42 U.S.C. § 1983. *E.g., Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). The Court construes Plaintiffs' federal claims as being brought under § 1983, and addresses each purported constitutional basis for such claims separately below.

1.   Improper Defendants

As an initial matter, the Court notes that Plaintiffs have improperly sued the Governor, the Mayor and the Police Department. "Liability under section 1983 arises only upon a showing of personal participation [in the alleged misconduct] by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiffs' purported claims are based on the alleged conduct of two police officers. *See* Compl. at ¶ 18. Plaintiffs did not bring suit against those officers, however. Instead, the individuals against whom suit was brought are the Governor and the Mayor, with respect to whom there are no factual allegations of any kind other than their address and telephone numbers. *See* Compl. at ¶¶ 7-8. Having failed to allege that the Governor or the Mayor had any involvement of any kind in the relevant incident, the claims against them in their personal capacities fail.

To the extent Plaintiffs are bringing a claim against the police department, it appears that they are attempting to allege municipal liability. Local governments, such as municipalities, can be sued under § 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."

*Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).  Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989).  Plaintiffs in this case have failed to make such allegations, so that their attempt to bring claims based on principles of municipal liability fail.

    2. "Right to Privacy"

  Plaintiffs bring claims for violation of their "right to privacy." Compl. at ¶ 20.  Although not entirely clear, it appears that the crux of this claim is that two unidentified police officers improperly detained Mr. Emrit by handcuffing him and placing him in a squad car.  The Court construes this claim as one brought under the Fourth Amendment's prohibition of unreasonable searches and seizures.  At this juncture, it is unclear whether Mr. Emrit was detained as a suspect to a domestic violence crime, as a witness to a possible domestic violence crime, or for some other reason (*i.e.*, for unidentified conduct after the police arrived at that scene).

  The Ninth Circuit has declined to adopt a *per se* standard that detentions are impermissible for suspects of completed misdemeanor offenses.  *See U.S. v. Grigg*, 498 F.3d 1070, 1081 (9th Cir. 2007).[1]  "In determining whether the Fourth Amendment permits an officer to detain a suspected misdemeanant, [Ninth Circuit case law] requires [the court] to 'consider the nature of the misdemeanor offense in question, with particular attention to the potential for ongoing or repeated danger (*e.g.*, drunken and/or reckless driving) and any risk of escalation (*e.g.*, disorderly conduct, assault, domestic violence).'" *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1175 (9th Cir. 2013) (quoting *Grigg*, 498 F.3d at 1081).

  Similarly, even if the police do not suspect that a person himself has committed a crime and instead believe him only to be a witness to a possible crime, "detention of witnesses for investigative purposes can be reasonable in certain circumstances." *See Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1083-84 (9th Cir. 2013) (rejecting contention that earlier Ninth Circuit authority flatly

---

[1] Domestic violence crimes generally constitute misdemeanors in Nevada.  *See* N.R.S. 200.485.

"prohibit[s] involuntary detention of a witness to a crime"); *see also* 4 Wayne R. LaFave, SEARCH AND SEIZURE, § 9.2(b) (5th ed. 2012). To determine whether detention of witnesses to a crime is reasonable, courts look to "the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty." *Maxwell*, 708 F.3d at 1083 (quoting *Brown v. Texas*, 443 U.S. 47, 51 (1979)).

In this case, the sparse factual allegations are only that there was an altercation in which Mr. Emrit poured water on Ms. Leal-Mendez and she then yelled and hit him with a lamp, Compl. at ¶¶ 16-17, that when Ms. Leal-Mendez struck Mr. Emrit with the lamp, she did so "lightly" and caused no bruising or abrasions in doing so, Compl. at ¶ 16, that the police were called out to Plaintiffs' house to investigate a domestic disturbance, Compl. at ¶ 16, and that the police handcuffed Mr. Emrit and placed him in a squad car for an unidentified length of time, Compl. at ¶¶ 18, 27. In essence, Plaintiffs have alleged only that the police were called to a domestic disturbance in which Mr. Emrit was admittedly involved in a physical altercation, and that the police detained him. These facts, standing alone, fail to state a claim under the Fourth Amendment because they do not provide a factual basis that Mr. Emrit's detention was unreasonable in the circumstances.[2]

Accordingly, the "right to privacy" claim as construed as a claim brought under the Fourth Amendment is hereby **DISMISSED**.

2. Equal Protection

Based on the same factual allegations as discussed above, Plaintiffs also attempt to bring a claim based on a purported violation of the constitutional guarantee to equal protection. Compl. at ¶ 21. The equal protection clause of the Fourteenth Amendment is designed to prevent intentional and arbitrary discrimination. *See Engquist v. Or. Dept. of Ag.,* 553 U.S. 591, 611 (2008) (*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The equal protection clause requires "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal

---

[2] Plaintiffs also allege that the police admonished them that future domestic disturbances would result in Plaintiffs' arrest. *See* Compl. at ¶ 18. The Court is unable to discern a Fourth Amendment violation (or any other constitutional violation) from this bare allegation.

1  Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with
2  an intent or purpose to discriminate against the plaintiff based upon membership in a protected
3  class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). There is no allegation that
4  Plaintiffs were treated any differently by the police than other similarly situated individuals.

5  Accordingly, the equal protection claim is hereby **DISMISSED**.

6        3.    Due Process

7  Based on the same factual allegations as discussed above, Plaintiffs also attempt to bring a
8  claim based on a purported violation of the constitutional guarantee to due process. Compl. at ¶ 22.
9  The Supreme Court has made clear that a generalized due process claim fails when an explicit
10 textual source of constitutional protection exists covering the conduct at issue. *See Graham v.*
11 *Connor*, 490 U.S. 386, 393-94 (1989); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 843
12 (1998). In this case, the conduct at issue as currently alleged is "covered" by other constitutional
13 provisions as outlined above and, therefore, any attempt to recast the allegations as a due process
14 violation fails. *See, e.g.*, *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068-69 (9th Cir. 2012).

15 Accordingly, the due process claim is hereby **DISMISSED**.

16       4.    Privileges and Immunities

17 Based on the same factual allegations as discussed above, Plaintiffs also attempt to bring a
18 claim based on a purported violation of the constitutional guarantee of protection of their privileges
19 and immunities embodied in Article IV, Section 2. *See* Compl. at ¶ 23. That provision "was
20 designed to place the citizens of each State upon the same footing with citizens of other States, so
21 far as the advantages resulting from citizenship in those States is concerned." *Council of Ins. Agents*
22 *& Brokers v. Molasky-Arman*, 522 F.3d 925, 934 (9th Cir. 2008) (quoting *Supreme Court of Virginia*
23 *v. Friedman*, 487 U.S. 59, 64 (1988). Hence, "[d]iscrimination on the basis of out-of-state residency
24 is a necessary element for a claim under the Privileges and Immunities Clause." *Giannini v. Real*,
25 911 F.2d 354, 357 (9th Cir. 1990). Such a claim fails here because Plaintiffs are not out-of-state
26 residents. Compl. at ¶¶ 5-6.

27 Accordingly, the privileges and immunities claim is hereby **DISMISSED**.

28 //

B.    State Claims

In addition to the above, Plaintiffs attempt to bring claims for negligence, false imprisonment, intentional infliction of emotional distress, and malicious prosecution. *See* Compl. ¶¶ 24-27. Such claims are tort causes of action arising from state law. *See, e.g.*, *Hunter v. United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984). Given that Plaintiffs have failed to state a claim as to their federal law causes of action, the undersigned will not screen their state law claims at this time since a failure to state a federal claim will lead to a recommendation that the Court decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (district court has discretion to keep, or decline to keep, state law claims under conditions set forth in § 1367(c)).

C.    Leave to Amend

It appears to the Court that most of the deficiencies listed above cannot be cured through amendment. Nonetheless, in light of the liberal policy toward amendment and Plaintiffs' *pro se* status, the Court will allow them the opportunity to amend their complaint if they believe the deficiencies can be cured.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' request to proceed *in forma pauperis* is **GRANTED**. Plaintiffs shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiffs will have until **March 20, 2015**, to file an Amended Complaint, if they believe they can correct the noted deficiencies. If Plaintiffs choose to amend the complaint, Plaintiffs are informed that the Court cannot refer to a prior pleading (i.e., his original Complaint)

in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case.

Dated: February 17, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge