UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD SATISH EMRIT, et al., )
 )
                Plaintiff(s), )    2:14-cv-01759-APG-NJK
 )
vs. )    **REPORT AND**
 )    **RECOMMENDATION**
GOVERNOR BRIAN SANDOVAL, et al., )
 )
                Defendant(s). )
                                                             )

        Plaintiffs are proceeding in this action *pro se*, requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on October 14, 2014.

        On February 17, 2015, the undersigned granted Plaintiffs' application to proceed *in forma pauperis*. Docket No. 13. The Court also screened Plaintiffs' complaint pursuant to § 1915(e), and determined that Plaintiffs had failed to state a federal claim. *See id.* at 3-6.[1] The Court therein identified the deficiencies in Plaintiff's claims. *See id.* The Court provided Plaintiffs with the opportunity to amend if they believed the deficiencies could be cured. *See id.* at 7. The deadline to file an amended complaint was March 20, 2015. *Id.* The Court expressly warned Plaintiffs that the failure to file an amended complaint by that date would result in a recommended dismissal of the

---

[1] As no federal cause of action was stated, the Court further declined to review Plaintiff's state law causes of action since the undersigned would recommend declining the exercise of supplemental jurisdiction over those claims if a federal cause of action could not be stated. *See id.* at 7.

1  case. *Id.* at 8.

2  Plaintiffs failed to file an amended complaint by that deadline. Instead, they filed a "motion to vacate order dismissing case," consisting of a boilerplate assertion that (1) they have constitutional standing in light of incidents of police harassment elsewhere in the country that have been in the news, (2) that the statute of limitations has not run, and (3) that "the issues are not frivolous, malicious, or non-meritorious." *See* Docket No. 19 at 2. Even construing this filing liberally as an attempt to comply with the Court's order, it fails to address the deficiencies highlighted by the Court in finding the initial complaint failed to state a claim.

9  Accordingly, for the reasons stated in the order dismissing Plaintiffs' complaint with leave to amend, Docket No. 13, the undersigned **RECOMMENDS** that Plaintiffs' federal causes of action be **DISMISSED** without prejudice and that the Court **DECLINE** to exercise supplemental jurisdiction over Plaintiffs' state law causes of action.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: April 6, 2015

NANCY J. KOPPE
United States Magistrate Judge